**<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>**

**Samuel MELENDEZ, a/k/a "POTATO"**

I, Corey S. Holsinger, being duly sworn, depose and state:

1.   I am a Special Agent (SA) with the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed by HSI since May 2009.  I am currently assigned to the Document and Benefit Fraud Task Force for the HSI Washington, DC field office (HSI DC).  I am responsible for investigating various crimes, including the manufacture and distribution of fraudulent government identification documents, criminal and administrative violations of the Immigration and Nationality Act, and other violations of the United States Code.  I have conducted and participated in investigations of the above-listed laws and regulations.  I hold a Master's and Bachelor's Degree in Criminology from Indiana University of Pennsylvania, Indiana, Pennsylvania.  I have successfully completed the Criminal Investigators Training Program and the ICE Special Agent Training Program at the Federal Law Enforcement Training Center (FLETC).

2.        This affidavit does not contain all of the information known to me concerning this investigation.  I have included in this affidavit facts that I believe are sufficient to support a probable cause finding for the issuance of the requested criminal complaint and arrest warrant, but I do not purport to include each and every matter of fact observed or known to me or other law enforcement agents involved in this investigation.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

3.      This affidavit is submitted in support of a criminal complaint and warrant for arrest charging **Samuel MELENDEZ, a/k/a "POTATO"** (hereafter referred to as **"POTATO"** or **MELENDEZ**), with violation of Title 18, United States Code, Sections 1028(a)(2), that is, knowingly transferring identification  documents and false identification documents, which appear to be issued by and under the authority of the United States knowing the same to have been produced without lawful authority.

4.      On January 14, 2014, HSI Special Agents received information from an HSI Confidential Informant (CI-1) that the telephone number being used by a fraudulent document vendor known as **"POTATO"** was (202) 709-1271 (hereafter referred to as TARGET TELEPHONE).  POTATO has been identified by HSI Special Agents as Samuel **MELENDEZ**.

5.      On January 14, 2014, at approximately 2:40 p.m., an HSI Special Agent (SA) instructed another HSI CI (CI-2), to call **MELENDEZ** on the TARGET TELEPHONE and request to purchase two sets of fraudulent identity documents, in particular two fraudulent legal permanent resident cards (also known as a "green card") and two fraudulent U.S. Social Security cards.

6.      At approximately 2:45 p.m., CI-2 conducted a consensually monitored and recorded phone call to **MELENDEZ** on the TARGET TELEPHONE.  An HSI SA using an HSI undercover cellular telephone called **MELENDEZ** on the TARGET TELEPHONE and handed the undercover phone to CI-2.  The conversation occurred in the Spanish language.  According to CI-2, **MELENDEZ** agreed to sell CI-2 two sets of fraudulent identity documents, that is, two legal permanent resident cards and two U.S. Social Security cards, for $200.00.  **MELENDEZ** agreed to meet CI-2 the following day on Columbia Road NW in Washington, DC, in order to arrange the document exchange.

7.      On January 15, 2014, at approximately 10:50 a.m., HSI Special Agents and CI-2 arrived in Washington, DC.  At approximately 10:54 a.m., CI-2 conducted a consensually monitored and recorded phone call to **MELENDEZ** on the TARGET TELEPHONE.  An HSI SA using an HSI undercover cellular telephone called **MELENDEZ** on the TARGET TELEPHONE and handed the undercover phone to CI-2.  **MELENDEZ** did not answer the phone.

8.      At approximately 10:58 a.m., CI-2 received a phone call on the undercover HSI telephone from **MELENDEZ** on the TARGET TELEPHONE.  The conversation was monitored and recorded and occurred in the Spanish language.  According to CI-2, **MELENDEZ** told CI-2 that he was busy and could not meet CI-2.  **MELENDEZ** requested that CI-2 send to him via text message the photographs and biographical information that CI-2 wanted on the requested fraudulent documents.  **MELENDEZ** told CI-2 that he would then meet CI-2 at 2:30 p.m. to exchange the documents.

9.      At approximately 11:06 a.m., an HSI SA posing as CI-2 sent a text message to **MELENDEZ** on the TARGET TELEPHONE from the HSI undercover cellular telephone, which contained a photo and the purported biographical information of CI-2.

10.     At approximately 11:09 a.m., an HSI SA posing as CI-2 sent a second text message to **MELENDEZ** on the TARGET TELEPHONE, from the HSI undercover cellular telephone, which contained a photo and the purported biographical information for a female individual.

11.     At approximately 1:28 p.m., CI-2 contacted an HSI SA and advised that he or she had just received a call from **MELENDEZ** from the TARGET TELEPHONE and **MELENDEZ** told CI-2 that the "guy" ran out of ink for the machine and the documents would not be ready on time.  Based on my training and experience, I believe that the "guy" that **MELENDEZ**

referenced is the fraudulent document manufacturer with whom **MELENDEZ** is conspiring  to produce and sell fraudulent documents.

12.     At approximately 2:15 p.m., CI-2 conducted a consensually monitored and recorded phone call to **MELENDEZ** on the TARGET TELEPHONE.  An HSI SA using an HSI undercover cellular telephone called **MELENDEZ** on the TARGET TELEPHONE and handed the undercover phone to CI-2.  The conversation occurred in the Spanish language.  According to CI-2, **MELENDEZ** agreed to meet CI-2 on the following day for an additional $40.00, to sell CI-2 two sets of fraudulent identity documents, that is, two legal permanent resident cards and two U.S. Social Security cards, for a total of $240.00.  **MELENDEZ** agreed to meet CI-2 the following day on Columbia Road NW in Washington, DC, in order to setup the document exchange.

13.     On January 16, 2014, at approximately 10:00 a.m., HSI SA's established surveillance on Columbia Road NW, Washington, DC between, Ontario Road and Champlain Street and arrived in the area with CI-2.

14.     At approximately 10:14 a.m., CI-2 conducted a consensually monitored and recorded phone call to **MELENDEZ** on the TARGET TELEPHONE.  An HSI SA using an HSI undercover cellular telephone called **MELENDEZ** on the TARGET TELEPHONE and handed the undercover phone to CI-2.  The conversation occurred in the Spanish language.  According to CI-2, **MELENDEZ** said that he would meet CI-2 in ten minutes with the documents at the Pollo Granjero Restaurant on Columbia Road NW.

15.     At approximately 11:16 a.m., an HSI SA observed CI-2 meet with **MELENDEZ** on the south side of Columbia Road NW near the intersection of 17th Street NW.  The HSI SA observed CI-2 make a hand to hand exchange with **MELENDEZ,** but did not clearly observe

what was exchanged.

16.     At approximately 11:35 a.m., CI-2 met with HSI SA's and handed over to them two legal permanent resident alien cards and two U.S. Social Security cards that CI-2 had purchased from **MELENDEZ**.  The documents were seized by HSI SA's and retained as evidence in accordance with HSI policy.

17.     At approximately 11:38 a.m., the HSI SA's showed CI-2 a photograph of a male individual known to HSI SA's as **MELENDEZ**.  CI-2 identified **MELENDEZ** as the same person who had just sold CI-2 the fraudulent identification documents handed over to HSI SA's by CI-2.

18.   Based on the foregoing, I respectfully submit that there is probable cause to believe that **Samuel MELENDEZ, a/k/a "POTATO"** has violated Title 18, United States Code, Sections 1028, by selling fraudulent identification documents on January 16, 2014.


_____
Corey S. Holsinger
Special Agent
Department of Homeland Security
Immigration and Customs Enforcement


Subscribed and sworn to before me
this _____ day of May 2014.


_____
United States Magistrate Judge